STATE OF IOWA V. ELIAS DOTY, Appellant.

SALE OF OBSCENE PHOTOGRAPHS: *Criminal law.* A photographer who took the pictures of two women who exposed themselves when naked before the camera; and of one of them alone, when nude, and delivered the pictures to them, receiving pay therefor, is guilty of selling obscene, lewd, indecent or lascivious photographs, within the meaning of Acts Twenty-first General Assembly, chapter 177, section 1.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, DECEMBER 15, 1897.

THE defendant was convicted of the crime of keep-ing for sale and selling obscene pictures, and was adjudged to pay a fine of fifty dollars and costs. From that judgment he appeals.—*Affirmed.*

*Elias Doty* for appellant.

*Milton Remley,* attorney general, for the state.

ROBINSON, J.—The admitted facts in regard to the transaction in question are as follows: The defendant carried on in Cedar Rapids a picture gallery called the "Riverside Studio." While thus engaged, two women applied to him to take pictures of themselves, and he complied with their request, and made several tin type pictures of them. One of the pictures was taken of both women, and another of one of them, when nude. The pictures were completed by the defendant, and delivered to the women, who paid him twenty-five cents for each picture. It is clear, and not denied, that the pictures taken of the women when nude were obscene. The defendant was convicted under section 1 of chapter 177 of the Acts of the Twenty-first General Assembly, which contains the following: "Whoever sells, or offers for sale or gives away * * * any obscene, lewd, indecent, or lascivious books, pamphlets, paper draw-ing, lithograph, engraving, picture, photograph, model, cast, or any instrument or article of indecent or immoral use, * * * on conviction thereof, shall be punished by a fine of not more than one thousand dollars, nor less than fifty dollars, or by imprisonment in the county jail not more than one year, or both such

fine and imprisonment at the discretion of the court."
It is the theory of the appellant that he did not keep
for sale, nor sell, nor give away, the pictures, within the
meaning of the statute; that what he did was merely to
make the pictures, the indecent portions of which were
furnished by the women represented. The theory does
not find support in the facts of the case, nor is it rea-
sonable. The women desired and bargained for the
obscene pictures, and that they contributed to the pic-
tures by exposing themselves, when naked, before the
camera, did not affect the character of the transaction.
The products of that exposure and of the materials and
skill used by the defendant were the obscene pictures.
If it be true that the women had some rights in the
pictures before they were delivered, as a right to pre-
vent their use or delivery to other persons,—a question
we do not decide,—the fact did not give the women any
right to possess the pictures before the purchase price
had been paid. Until that time the pictures belonged
to the defendant, and his liability for the sale was not
affected by the fact that his ownership may have been
qualified by some rights possessed by the women. When
he delivered the pictures to them, and received in return
twenty-five cents for each picture, he sold them within
the meaning of the statute, and the fact that he made
them was an aggravation of, rather than a defense to,
the crime of which he was convicted. No excuse for
what he did is shown or attempted. When the women
applied for the pictures, they told him they had a bet
with a man, whom they named, to the effect that they
dared to have pictures taken of themselves when nude.
No question as to the development of art, or the dissem-
ination of useful knowledge for lawful purposes, is
involved in the case, and we have no occasion to deter-
mine whether the acts of the defendant would have
been sanctioned by law under any circumstances. That

his act in selling the obscene pictures he had made, under the facts admitted in this case, was a violation of law, is clear. The views we have expressed dispose of all the questions presented for our consideration. We do not find that the district court erred in refusing instructions to the jury asked by the defendant, nor in the charge given, and its judgment is AFFIRMED.